# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JULIUS JAMES LARRY, IV, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RAYMOND MERCER, EVERETT ) <br> RAGAN, CITY OF SAVANNAH, ) <br> TODD MARTIN, GILBERT STACY, ) <br> MICHAEL EDWARDS, NOAH ) <br> ABRAMS, MEG HEAP, AL ST. ) <br> LAWRENCE, and CHATHAM ) <br> COUNTY, ) <br> ) <br> Defendants. ) | Case No. CV415-038 |

## REPORT AND RECOMMENDATION

Julius Larry, a detainee who is proceeding *in forma pauperis* ("IFP"), has filed a 42 U.S.C. § 1983 complaint seeking damages from virtually everyone involved in his prosecution and subsequent acquittal for the sale of cocaine. (Doc. 1 at 5.) None of his claims survives initial screening, and therefore his complaint should be dismissed.[1]

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims that are frivolous,

Plaintiff challenges his December 19, 2012 arrest "without an arrest warrant" by Raymond Mercer, (doc. 1 at 5), and he seeks damages in the complaint's "relief" section for false imprisonment and false arrest. "An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest. *Case v. Eslinger*, 555 F.3d 1317, 1326–27 (11th Cir. 2009); *Kingsland v. City of Miami*, 382 F.3d 1220, 1226, 1232 (11th Cir. 2004); *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996)." *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). While Larry was arrested without a warrant, he never asserts that the arrest was made without probable cause. Hence, this claim fails.[2]

---

malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 28 U.S.C. § 1915(e)(2).

[2] Larry also claims that he was subject to malicious prosecution. (Doc. 1 at 6.) Such a claim requires that the prosecution be instituted or continued "without probable cause." *Wood v. Kessler*, 323 F.3d 872, 882 (11th Cir. 2003.) He has made no such allegation here, and the fact that a defendant is ultimately acquitted of the crime for which he was arrested and charged does not defeat the existence of probable cause. *Brown v. City of Huntsville*, 608 F.3d 724, 734-35 (11th Cir. 2010) ("Indeed, it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and in such cases those officials should not be held personally liable."). This claim also fails.

Larry also complains that because his public defender (Todd Martin) and an assistant district attorney (Noah Abrams) waived his right to a probable cause hearing, he was held over 48 hours without receiving a judicial determination of probable cause. (Doc. 1 at 5.) He also faults another public defender, Gilbert Stacy, for refusing to file a motion for bond. (Doc. 1 at 5.) While "persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause," *County of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991) (citing *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)), Larry never alleges that he was not afforded *the right* to a prompt probable cause hearing. Instead, he asserts only that counsel waived his right to a preliminary hearing without his consent. In other words, it is his attorney's claimed ineffectiveness that he challenges, not some flawed judicial process or practice, or some police officer's failure to bring him before a judge for a prompt determination of probable cause. Yet, § 1983 affords Larry no relief because public defenders (including supervisory Circuit Public Defender Michael Edwards) do not act under "color of state law" within the meaning of § 1983. *Polk v. Dodson*, 454 U.S. 314, 317–19

(1981); *id.* at 325 ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). These claims thus also fail.

Larry names Michael Edwards, Savannah Chatham County Metropolitan Police Major Everett Ragan, and District Attorney Meg Heap as defendants for "allowing" their underlings to commit these various injustices. (Doc. 1 at 5.) As the underlying claims have no merit, his claims against these supervisors fail. In addition, claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Dodson*, 454 U.S. at 325; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Rather, Larry must demonstrate either that these supervisory defendants directly participated in the alleged constitutional deprivations or that there is some other causal connection between their acts or omissions and the violation of his constitutional rights. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam).

This he has failed to do.[3]

Similarly, Larry has not made any direct allegations against the City of Savannah or Chatham County. He thus fails to meet Fed. R. Civ. P. 8's pleading standards as to them. And any attempt to reach them as the individual defendants' employers would fail since the underlying claims fail.[4] Furthermore, a claim for damages against Sheriff Al St. Lawrence in his official capacity (for failing to release Larry) is barred by the doctrine of sovereign immunity. (Doc. 6 at 2.) As an "arm of the state," his actions are shielded by the Eleventh Amendment. *Rylee v. Chapman*, 316 F. App'x 901, 905 (11th Cir. 2009) (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003), and *Powell v. Barrett*, 496 F.3d 1288, 1304 (11th Cir. 2007)).

---

[3] Meg Heap and Noah Abrams are also immune from suit for damages. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").

[4] In addition to failing to establish that his rights were violated, he has failed to show that the municipalities implemented any sort of custom or policy that constituted deliberate indifference to his constitutional rights, or that the policy caused the alleged violations. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (plaintiff must demonstrate "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.").

Plaintiff's complaint should be **DISMISSED** and his motion for summary judgment should be **DENIED**. (Doc. 7.) Meanwhile, Larry is statutorily required to pay the filing fee for this lawsuit. Based upon his furnished information, he owes a $37.42 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian, however, shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented

immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 21st day of April, 2015.

_/s/ M. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA