FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2016 JAN -4 PM 4: 12
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JULIUS JAMES LARRY IV,           )
                                 )
    Plaintiff,                   )
                                 )
v.                               )  CASE NO. CV415-038
                                 )
RAYMOND MERCER, EVERETT RAGAN,   )
CITY OF SAVANNAH, TODD MARTIN,   )
GILBERT STACY, MICHAEL           )
EDWARDS, NOAH ABRAMS, MEG        )
HEAP, AL ST. LAWRENCE, and       )
CHATHAM COUNTY,                  )
                                 )
    Defendants.                  )
                                 )

## O R D E R

Before the Court is the Plaintiff's Motion to Amend Summary Judgment, Civil Complaint, and Appeal Due to New Evidence Recently Discovered. (Doc. 19.) In this motion, Plaintiff requests leave to amend his Complaint on the basis that his indictment was not "filed in open court". (Doc. 19 at 2.) For the following reasons, Plaintiff's request to amend is **DENIED**.

Plaintiff filed his initial complaint in this case on February 18, 2015. (Doc. 1.) On May 6, 2015 this Court entered an order dismissing Plaintiff's case. (Doc. 11.) Plaintiff appealed the dismissal on May 18, 2015 (Doc. 13) and the Eleventh Circuit Court of Appeals denied Plaintiff leave to proceed and dismissed his appeal (Doc. 24). During

the pendency of his appeal, Plaintiff filed a motion to amend his complaint and a letter, which the Court of Appeals construed as a "supplemental motion for leave to proceed." (Doc. 24.) Because this Court had not ruled on the new claims, the issues were not properly before the Court of Appeals and the motions were denied. (Doc. 24.) The motions are now currently pending before the Court.

Plaintiff's motion to file an amended complaint must fail. Plaintiff appealed the dismissal of his complaint rather than attempting to file a post-dismissal amendment. He cannot now attempt to revive his complaint after losing his appeal. See, e.g. Jones v. Kennedy, 2 F.R.D. 357 (D. D.C. 1942) (electing to appeal stricken complaint, plaintiff was not allowed to file a third amended complaint after unsuccessful appeal). Even if Plaintiff were able to amend his complaint, or file a new complaint, it would still be dismissed by this Court pursuant to 18 U.S.C. § 1915.[1]

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (requiring courts to identify "cognizable claims" filed by prisoners or other detainees and dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 28 U.S.C. § 1915(e)(2).

First, Plaintiff's claim against Meg Heap must fail because she enjoys immunity from suit. Imbler v. Pachtman, 424 U.S. 409 (1976) (prosecutor "act[ing] within the scope of his duties in initiating and pursuing a criminal prosecution" immune from suit under 42 U.S.C. § 1983). Second, Plaintiff's conclusory allegations that the City of Savannah and Chatham County have policies or customs of not returning indictments in open court also fail to state a claim for relief. A municipality may be liable under § 1983 only if a plaintiff shows "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Plaintiff has made no such showing here.

A policy is "a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). The existence of a custom or policy is shown by "identifying: (1) an officially promulgated policy; (2) an unofficial custom or practice shown through repeated acts of a final policymaker, or (3)

an action by a decisionmaker who 'possesses *final authority* to establish *municipal policy* with respect to the action ordered.' " Demmons v. Fulton Cty., 2010 WL 3418325, at *46 n.43 (N.D. Ga. Aug. 2, 2010) (quoting Quinn v. Monroe Cty., 330 F.3d 1320, 1325 (11th Cir. 2003)), adopted by 2010 WL 3418328 (N.D. Ga. Aug. 25, 2010). Here, even a liberal interpretation of Plaintiff's request for an amendment fails to meet these requirements. Plaintiff has proffered no evidence of an official policy, repeated acts, or the involvement of a final policy maker. Quite simply, Plaintiff's argument consists solely of conclusory allegations that are insufficient to support a claim for relief. As a result, Plaintiff's Motion to Amend Complaint (Doc. 19) is **DENIED**. Accordingly, Plaintiff's Motion for Rehearing and Motion to Compel Discovery (Doc. 20) are **DISMISSED AS MOOT**.

SO ORDERED this 4th day of January 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA